**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| PAUL OTT, | No. 09-56811 |
| Petitioner - Appellant, | D.C. 2:08-cv-08302-ODW-DTB |
| v. | |
| KELLY HARRINGTON, WARDEN | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted December 6, 2012
San Francisco, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

Paul Ott challenges the district court's denial of his petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. The case is reviewed under the

deferential standards set forth in the Antiterrorism and Effective Death Penalty Act

of 1996.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The facts are known to the parties. Ott argues that his statement to the police, obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), was involuntary, and therefore inadmissible at trial for impeachment purposes. *Blackburn v. Alabama*, 361 U.S. 199, 206-07 (1960). Even if Ott's statement were found involuntary, his claim fails because he cannot show the admission of his statement had a substantial and injurious effect on the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). Had the prosecution refrained from using Ott's statement to impeach him, the jury still would have been persuaded by extensive evidence against him, including the testimonies of other female victims; physical evidence pinning him to the murder and oral copulation; the absence of significant dissimilarity between Ott's theory of self-defense in his statement to the police and that which he later offered on the stand; and Ott's own admissions on the stand that he killed the victim. Moreover, Ott's statement was in fact not couched as an admission of guilt but as a justification of his act. The California Court of Appeal did not act unreasonably in denying relief. *See* 28 U.S.C. § 2254(d).

We therefore hold that Ott is not entitled to federal habeas relief. The district court's denial of the petition is **AFFIRMED**.